# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LEANDRE MARTELL,

          Plaintiff,

vs.

OFFICER D. LOWERY, *et. al.*,

          Defendants.

Case No.: 2:24-cv-00159-GMN-MDC

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 62), of United States Magistrate Maximiliano D. Couvillier, which recommends denying Plaintiff's Motion to Stay Proceedings, (ECF No. 47), and that Wellpath's opposition, (ECF No. 49), be stricken as a fugitive document.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed. (*See* R&R, ECF

No. 62) (setting a December 23, 2025, deadline for objections).  Because the R&R was returned as undeliverable, the Court ordered Plaintiff to update his address, (Minute Order, ECF No. 71), which he did on January 28, 2026, (ECF No. 73).  The Court then directed the clerk to send the R&R to Plaintiff again and extended the objection deadline until February 23, 2026. (Order, ECF No. 76).  On February 26, 2026, the Court's Order and R&R sent to Plaintiff's updated address were returned as undeliverable. (ECF No. 79).  Presumably because he has not received the R&R, Plaintiff has again missed the objection deadline.

The Motion to Stay has been pending for six months, the R&R was issued nearly three months ago, and the Court has given Plaintiff multiple opportunities to file an objection. Plaintiff's failure to keep his address updated on multiple occasions has delayed resolution of this case and is a violation of the Local Rules. LR IA 3-1. ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address.").  The Court will therefore not further delay resolution of Plaintiff's Motion to Stay, and instead adopts the R&R and denies his motion.  Though it could adopt the R&R as unobjected, the Court nevertheless reviews Magistrate Judge Couvillier's reasoning for recommending denial of Plaintiff's Motion to Stay.  Plaintiff requests a stay because he is "unable to properly and effectively litigate this matter from [his] position." (Mot. Stay at 1, ECF No. 47).  Judge Couvillier recommends denying the motion because Plaintiff failed to state how long he expected to be incarcerated, did not provide points and authorities to support his Motion as required under LR 7-2(a), and provided no reason that Plaintiff's current incarceration would affect the merits of this matter. (R&R 2:5–15). Each of those reasons are sufficient to deny Plaintiff's Motion to Stay.  Moreover, it appears Plaintiff is no longer incarcerated (*See* Notice of Change of Address, ECF No. 73), which would render the basis of his motion moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 62), is

**ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings, (ECF No. 47), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Wellpath's Response, (ECF No. 49), is **STRICKEN** as a fugitive document.

**IT IS FURTHER ORDERED** that Plaintiff must update his address no later than March 30, 2026.  **Failure to comply may result in the Court dismissing this case**. *See* LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address . . . . Failure to comply with this rule may result in the dismissal of the action.")

Dated this __3__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court