**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Leandre Martell,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>Officer D. Lowery, *et al.*,<br>　　　　　　Defendants. | No. 2:24-cv-00159-GMN-MDC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS (ECF NOS. 72, 74)** |

Prisoner *pro se* plaintiff filed a *Motion for Sanctions* ("Sanctions Motion") (ECF No. 72) and *Motion for Protective Order* ("Protective Order Motion") (ECF No. 74) (collectively "Motions"). Defendants oppose the Motions. *ECF Nos. 77, 78*. The Court **DENIES** without prejudice the Sanctions Motion and **DENIES** the Protective Order Motion for the reasons below.

## I.　SANCTIONS MOTION

In the Sanctions Motion, plaintiff requests for sanctions under Federal Rule of Civil Procedure 37(b). *ECF No. 72*. He argues that defendants violated the Court's 12/05/2025 Order (ECF No. 59) granting plaintiff's Motions to Compel (ECF Nos. 51, 56) because defendants' responses to his discovery requests were insufficient because defendants asserted various objections in their responses. *Id.* He also alleges that he suffered prejudice because of defendants' insufficient discovery responses. *Id.* However, defendants did not violate the Court's 12/05/25 Order (ECF No. 59) by asserting objections. The Court's 12/05/2025 Order expressly stated that defendants had not waived any objections and could assert objections in responding to plaintiff's discovery. The Order further required plaintiff to meet and confer with defendants if they asserted their discovery objections and he disagreed with them before filing any motions here. *ECF No. 59*. Plaintiff failed to do so.

While plaintiff notes that he had a meet and confer with defendants, he does not show any meet and confer efforts with defendants regarding their responses and objections to his discovery requests.

*See ECF No. 72*. Plaintiff also does not dispute defendants' assertion that parties did not discuss the "sufficiency of [defendants']… written discovery requests" during the meet and confer and only addressed if defendants would respond to plaintiff's requests to discovery on non-party LVMPD. *ECF No. 77* at 6. Furthermore, the Sanctions Motion includes emails he sent to defendants regarding their responses to his discovery requests but does not include any responses from defendants. *ECF No. 72, Ex. B*. Given the foregoing, plaintiff failed to meaningfully meet and confer with defendants regarding their responses and objections to his discovery requests. Therefore, the Court denies the Sanctions Motion without prejudice because plaintiff did not comply with the Court's 12/05/2025 Order (ECF No. 59). Plaintiff must properly meet and confer with defendants regarding their responses and objections to his discovery requests before refiling further discovery related motions. If the parties are unable to resolve defendant's discovery objections after an earnest, reasonable, and meaningful effort, plaintiff's may refile a new motion to compel and must include a detailed discussion regarding his meet and confer efforts and the reasons they were not successful. Any response by defendants must also include an affidavit of counsel stating defendants' meet and confer efforts.

## II.        PROTECTIVE ORDER MOTION

In the Protective Order Motion, plaintiff requests that his medical records that defendants obtained be destroyed and excluded from use in this case by defendants. *ECF No. 74*. He also requests that "future access to [his] medical records occur only through court ordered discovery[.]". *ECF No. 74*. He argues that defendants improperly obtained these records, that the records are protected by HIPAA and Ninth Circuit precedent, and that use of the records would unjustly prejudice him. *See generally id.* Plaintiff's arguments are unpersuasive because he has placed his medical care and health at issue in the case.

Specifically, plaintiff has asserted a claim for Inadequate Medical Care under the Fourteenth Amendment. *ECF Nos. 7, 8*. Plaintiff thus waived his privacy interests or HIPAA protections in his

medical records because those records are relevant to his case. *See Warner v. Velardi*, No. 16-CV-1924-BEN (DHB), 2017 WL 3387723, at *3 (S.D. Cal. August 7, 2017) (plaintiff waives any privacy interest or HIPAA protection in his medical records because plaintiff's complaint asserts an Eighth Amendment violation premised on Defendants' deliberate indifference to Plaintiff's serious medical needs); *Heilman v. Vojkufka*, No. CIV S-08-2788 KJM EFB, 2011 WL 677877 at *2 (E.D. Cal. February 17, 2011) (prisoner waives constitutional rights of privacy in his medical records when he places his medical condition at issue in a lawsuit).

Plaintiff's reliance on *Seaton v. Mayberg*, 610 F.3d 530 (9th Cir. 2010) is misplaced. Unlike the Mr. Martell, the plaintiff in *Seaton* did not place his medical health treatment at issue. Instead, *Seaton* concerned the government obtaining plaintiff's health records as part of its efforts to have plaintiff placed in civil commitment as a sexual predator. *Seaton*, 610 F.3d 530.

The Court therefore denies plaintiff's Protective Order Motion.

**III.   CONCLUSION AND ORDER**

ACCORDINGLY,

IT IS ORDERED that:

1.  Plaintiff's *Motion for Sanctions* (ECF No. 72) is **DENIED** without prejudice. Plaintiff must properly meet and confer with defendants regarding their responses and objections to his discovery requests before filing further discovery related motions.

2.  Plaintiff's *Motion for Protective Order* (ECF No. 74) is **DENIED**.

DATED: April 23, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**