**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Leandre Martell,<br>Plaintiff,<br><br>vs.<br><br>Officer D. Lowery, *et al.*,<br>Defendants. | No. 2:24-cv-00159-GMN-MDC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION (ECF NO. 100)** |

*Pro se* plaintiff filed a *Motion Requesting New Dates of Settlement* ("Motion") (ECF No. 100) ("Motions"). Defendants filed a Non-Opposition to the Motion. *ECF No. 101*. The Court **GRANTS** the Motion for the reasons below.

Plaintiff requests for new dates for the Virtual Mediation in this case, currently scheduled for August 20, 2026, at 9:00 a.m. (ECF No. 93). He argues that because of his current incarceration in California, he is "unable to attend zoom meeting or partake in any meet and confers." *ECF No. 100* at 2. Defendants do not oppose the plaintiff's request in the Motion, "acknowledge that a continuance of the settlement conference is reasonable under the circumstances." *ECF No. 101* at 2. For good cause shown and because the Motion is unopposed (*see* LR 7-2(d)), the Court therefore grants plaintiff's request as set forth below.

**III. CONCLUSION AND ORDER**

ACCORDINGLY,

IT IS ORDERED that:

1. Plaintiff's *Motion Requesting New Dates of Settlement* (ECF No. 100) is **GRANTED**. The Virtual Mediation currently scheduled for August 20, 2026, at 9:00 a.m. shall be **CONTINUED** to **October 20, 2026, at 9 a.m.**

2. The Confidential Settlement Briefs are due by no later than 4:00 p.m., October 13, 2026.

3. All other aspects of the Court's Order setting Virtual Mediation (ECF No. 93) remain in effect.

DATED: July 29, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**